# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:09CV315 |
| vs. ) | |
| ) | PROTECTIVE ORDER |
| CAPITAL ONE BANK, INC., et al., ) | (Fed. R. Civ. P. 5.2(e)) |
| ) | |
| Defendants. ) | |

This matter is before the magistrate judge on the plaintiff's motion for the withdrawal of documents containing plaintiff's personal data identifiers (Doc. 10). The record shows that the defendants' answers (Docs. 7 & 8) incorporate unredacted exhibits which contain private information subject to mandatory redaction under Fed. R. Civ. P. 5.2(a)[1] and NECivR 5.0.3(a).

The court construes plaintiff's motion as a motion for protective order pursuant to Fed. R. Civ. P. 5.2(e) and finds that the motion should be granted in part. The court has modified the document security settings for the two exhibits in question, limiting electronic access to these exhibits to court personnel and counsel of record pursuant to the E-Government Act of 2002.

For future reference, if it is necessary for a party to file unredacted documents, the procedure for doing so is set out in NECivR 5.0.3(c):

> **(c)** **Restricting Access to Unredacted Documents.** With the court's leave, a party may restrict access to a document containing the unredacted personal data identifiers listed in Nebraska Civil Rule 5.0.3(b), Federal Rule of Civil Procedure 5.2, or Federal Rule of Bankruptcy Procedure 9037.
>
> **(1)** **Motion.**
>
> **(A)** **Procedure.** A party seeking to file an unredacted document must electronically file a motion to restrict access to the document under the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat.

---

[1] Fed. R. Civ. P. 5.2(a) provides:
**(a) Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) the last four digits of the financial-account number.

   2899 (codified at 5 U.S.C. §§ 3701-3707 and scattered sections) ("E-Government Act"). The motion must state why filing an unredacted document is necessary and why redaction would not reduce or eliminate the need for restriction.

**(B)**   **Unredacted Document not Attached.** The unredacted document must not be attached to the motion, but rather filed separately as a restricted document. The document remains provisionally restricted pending the ruling on the motion to restrict access. If the court denies the motion, it will direct the clerk to lift the restriction on the unredacted document.

**(2)**   **Order.** In ruling on the motion, the assigned judge may lift the restriction on the document, strike it, or order the filing party to place a redacted copy of the document on the public docket.

**(3)**   **Docket Sheet Entries.** When access to a document is restricted under the E-Government Act, an entry noting the restricted access appears on the public electronic docket sheet; however, only parties of record and court users may routinely access the document electronically. The public does not have remote access to the restricted document from the docket sheet. The court may grant the public leave for remote access upon motion.

  **IT IS ORDERED** that plaintiff's Motion (Doc. 10) is granted. Access to the exhibits in Filings Nos. 7 and 8 shall be restricted to court personnel and counsel of record pursuant to the E-Government Act of 2002.

  **DATED September 30, 2009.**

              **BY THE COURT:**

              s/ F.A. Gossett
              **United States Magistrate Judge**