IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
MARY CLARK,                    )
                               )
          Plaintiff,           )        8:09CV315
                               )
     v.                        )
                               )
CAPITAL ONE BANK, INC., and    )        MEMORANDUM OPINION
BRUMBAUGH AND QUANDAHL, P.C.,  )
LLO,                           )
                               )
          Defendants.          )
_____)
```

This matter is before the Court on plaintiff Mary Clark's motion for reconsideration pursuant (Filing No. 129) and Clark's objection to defendant Brumbaugh & Quandahl's ("B&Q") bill of costs (Filing No. 137). The Court finds the motion to reconsider should be denied and the objection to B&Q's bill of costs should be sustained.

**A.   Motion to Reconsider**

Clark makes the motion to reconsider pursuant to NECivR 60.1(c) and Fed. R. Civ. P. 60(b)(2), which allow the Court to relieve a party from a final judgment or order if new facts or legal authorities are discovered, "which could not have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c); *cf.* Fed. R. Civ. P. 60(b)(2) (stating the court may relieve a party from a final judgment if "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). Although Clark's counsel attempted to locate Clark's bankruptcy attorney, these attempts appear to have ceased

sometime in May 2010, when Clark's counsel "came to the mistaken conclusion that [Clark's bankruptcy attorney] had left the Omaha area." Affidavit of William Reinbrecht, Filing No. 131-3, ¶ 4. The affidavit does not discuss what actions, if any, Clark's counsel took to locate the bankruptcy attorney between May and August 9, 2010, when Clark's counsel conducted "one last computer search," disclosing the bankruptcy attorney's new employer. However, information relating to the bankruptcy attorney's new employer was available at the Nebraska Bar Association well before August 9, 2010. Clark offers no explanation for why her counsel missed this easily accessible source of information or why her counsel did not undertake any effort to locate the bankruptcy attorney from May to August 9, 2010. Clark has not shown she was reasonably diligent and, accordingly, her motion for reconsideration will be denied. *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 987-88 (9th Cir. 2006) (determining the district court did not abuse its discretion in denying a motion to reconsider when new evidence arose the day after the district court's order because the plaintiff had not demonstrated reasonable diligence in obtaining the new evidence).

**B.   Bill of Costs**

Clark objects to B&Q's bill of costs, which seeks to tax $990.10 from Clark for "printed or electronically recorded transcripts necessarily obtained for use in the case." (Bill of Costs, Filing No. 132, at 1). B&Q filed no response to Clark's brief.

An application for taxation of costs is made pursuant to Fed. R. Civ. P. 54(d)(1), which states: "*Unless a federal statute* . . . provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). Under 15 U.S.C. § 1692k(a)(3), the Court may award costs upon a finding that the plaintiff brought an action under the FDCPA "in bad faith or for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). Other courts have interpreted this provision to supersede Rule 54(d)(1)'s general rule, and to require a finding by the court that the plaintiff acted in bad faith before allowing taxation of costs. *Nakao v. Int'l Data Servs.*, No. CIV 03-225, 2007 WL 295537 (D. Haw. Jan. 29, 2007); *Csugi v. Monterey Fin. Servs.*, No. 3:95CV2140, 2001 WL 1841444, at *1 (D. Conn. Oct. 30, 2001).

B&Q has made no explicit argument that Clark initiated this suit in bad faith or for the purpose of harassment. Accordingly, the Court will not make such a finding, and will sustain Clark's objection to B&Q's bill of costs. A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of September, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court